UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD ABDULLAH AHMED GHAZY, *et al.*,<br><br>  Petitioners,<br>v.<br><br>GEORGE W. BUSH, President of the United States, *et al.*,<br>  Respondents. | Civil Action No. 1:05-CV-02223(RJL) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RESPONDENTS' MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS

This memorandum is respectfully submitted on behalf of Petitioners Fahd Abdullah Ghazy, Fadi Ahmad Alimaqaleh, Abdallah Yahya Youssef Allsshaballi, Moath Hamza Ahmed Al Alwi, Mohammed Ali Hussain Khanina, and Zaher Omer Bin Hamdoon (collectively the "Petitioners") in opposition to Respondents' Motion To Stay Proceedings Pending Related Appeals.

On November 15, 2005, Petitioners filed a Petition for Writs of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 (c)(1) and 2241 (c)(3) against Respondents, and a complaint for declaratory and injunctive relief, alleging that Respondents have unlawfully imprisoned the Petitioners at Guantánamo Bay, Cuba.

Respondents seek to stay the proceedings pending resolution of the appeals in *In re Guantanamo Detainee Cases*, 355 F.Supp.2d 443 (D.D.C. 2005), *appeal on petition for interlocutory appeal*, No. 05-5064 (D.C. Cir. Mar. 10, 2005) and *Khalid v. Bush, Boumedienne v. Bush*, 355 F.Supp.2d 311, *appeals docketed* Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005). Respondents further seek entry of various protective orders and counsel access procedures that

have been entered in other pending cases involving other detainees at Guantánamo Bay. (*See* Respondents' proposed order.)

As counsel for Petitioners informed counsel for Respondents prior to their filing the motion, Petitioners object to the requested stay only to the extent that Respondents are seeking more than the stay that has been entered in many of the other habeas cases filed by detainees at Guantánamo Bay. Respondents here also request that they not be required to provide factual returns. However, Respondents have presented no rational justification for this request and ignore the fact that factual returns have been ordered and provided in many of the other pending cases that have been stayed. Petitioners object to this aspect of Respondents' request and therefore respectfully urge the Court to enter a modified stay order requiring Respondents to provide factual returns for each of the Petitioners within 30 days. A proposed order is attached.

## ARGUMENT

### A. Respondents Should Be Required to Provide Factual Returns For Each of the Petitioners Within Thirty Days

The alleged basis for each of the Petitioner's detention is contained in his factual return, a compilation of material from his review before the Combatant Status Review Tribunal ("CSRT"). Access to the factual returns is critical to counsel's ability to represent the Petitioners properly and to prepare the Petitioners' habeas claims for presentation to the Court when the stay is lifted. Counsel is entitled to know without delay, the evidence that allegedly supports the extended detention of Petitioners.

#### 1. Petitioners' Counsel Need The Factual Returns to Represent Their Clients Effectively and Efficiently

Respondents argue that there is "no reason why counsel need access to factual returns at this time." (Mot. to Stay at 14.) This is incorrect. Other courts in this district have held that the full factual returns are "necessary for petitioners' counsel effectively to represent petitioners"

2

and ordered that Respondents provide the factual returns of numerous other detainees in Guantánamo Bay. *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 200 (D.D.C. 2005); *see also footnote 1 infra*. "[E]ven initial conversations by counsel with their clients may be very difficult without access to that basic factual information." *Id.*; *see also Al-Mohammed v. Bush,* No. 05-CV-00247 (HHK) slip op. at 2 (D.D.C. Apr. 30, 2005) (Judge Kennedy held that "petitioners' counsel must have access to [the factual returns] in order to develop a meaningful understanding of the 'basic factual allegations that underlie Mr. Al-Mohammed's detention.'"); *Battayav v. Bush*, No. 05-CV-00714 (RBW) slip op. at 3 (D.D.C. May 19, 2005) (Judge Walton ruled that the factual returns were necessary for petitioners' counsel to effectively represent them, even in the initial meeting); *Hatim v. Bush*, 05-CV-01429 (RMU) slip op. at 3 (D.D.C. Aug. 22, 2005) (Judge Urbina determined "that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients.").

Respondents themselves state that it is not their intention "to block counsel access to properly represented petitioners." (Mot. To Stay at 4.) Yet, refusal to provide the factual returns for these Petitioners inhibits counsel's access to and ability to represent their clients. This Court has previously recognized, in *Khalid v. Bush*, that it is essential that counsel receive factual returns prior to meeting with their clients. (*See* Tr. of Status Hrg. Before the Honorable Richard J. Leon, United States Dist. Judge, Sept. 20, 2004, at 14, excerpt attached hereto as Exhibit A.) ("In order for any meeting at Guantánamo Bay to be really meaningful, [petitioners' counsel] need to see what it is that [respondents] are producing before they go and interview their client.")

If the pending appeals are resolved in favor of the detainees, counsel's access to the factual return will improve judicial efficiency by "allow[ing] Petitioner[s] to begin preparing well in advance of any ruling by the Court of Appeals" and therefore present a complete

3

application to the Court as soon as the stay is lifted. *Al-Adahi v. Bush*, No. 05-CV-00280 (GK), slip op. at 2 & n.1 (D.D.C. Apr. 29, 2005). Access will "ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal." *Ameziane v. Bush*, No. 05-CV-00392 (GSH) slip op. at 2 (D.D.C. Apr. 12, 2005).

### 2. Producing Factual Returns in Thirty Days Poses a De Minimis Burden on Respondents

By their own admission, Respondents have conducted a review of each Petitioner's detention, resulting in a record – referred to as factual returns – upon which Petitioners' continued imprisonment has been justified. Respondents' own policies mandate that the factual returns be required to be compiled within three days of the CSRT regarding each Petitioner, and all such decisions were to be completed by March 2005. (Memorandum re: Order Establishing Combatant Status Review Tribunal (July 7, 2004) *available at* http://www.defenselink.mil/news/Jul2004/d20040707review.pdf; *see also* Update to Annex One of the Second Periodic Report of the United States of America to the U.N. Committee Against Torture (October 21, 2005) ("As of March 29, 2005, the CSRT Director had taken final action in all 558 cases"), *available at* http://www.state.gov/g/drl/rls/55712.htm.)) Producing the factual return would only require the Respondents to provide Petitioner's Counsel with the information that has already been prepared for each Petitioner.

Yet, the Respondents argue that production of the factual returns causes an "immense logistical burden." Respondents fail to mention that they have been ordered to produce factual returns in many other cases, and have complied with these orders. At least nine members of the D.C. District Court (Judges Bates, Friedman, Huvelle, Kennedy, Kessler, Roberts, Sullivan,

4

Urbina, and Walton) have ordered the government to make factual returns.[1] In *Al-Mohammed v. Bush*, Judge Kennedy rejected the government's argument that disclosure was burdensome "in light of the government's demonstrated capabilities in managing numerous factual returns that it has already submitted for other petitioner detainees." No. 05-CV-00247 (HHK) slip op. at 2-3 (D.D.C. Apr. 30, 2005).

The length of time the Government has been afforded to file a factual return has varied. On the three occasions where the Government was ordered to provide returns in seven days or less, it was able to comply without issue. *See Errachidi v. Bush*, No. 05-CV-00640 (EGS) (D.D.C. Apr. 21, 2005) (Judge Sullivan ordered the government to show cause by April 26, 2005, and Respondents provided the factual return on that date, which was within three business days of the judge's order); *Abdullah v. Bush*, No. 05-CV-00023 (RWR) slip op. at 7 (D.D.C. Apr. 8, 2005) (Judge Roberts required the government to file factual returns by April 14, 2005, and Respondents complied with the deadline); *Hatim v. Bush*, 05-CV-01429 (RMU) slip op. at 4 (D.D.C. Aug. 22, 2005) (Judge Urbina ordered factual returns within seven days). Given

---

[1] *Abdullah v. Bush*, No. 05-CV-00023 (RWR) slip op. at 7 (D.D.C. Apr. 8, 2005) (Judge Roberts required the government to file factual returns within thirty days); *El-Banna v. Bush*, No. 04-CV-01144 (RWR) slip op. at 7 (D.D.C. Apr. 8, 2005) (Judge Roberts ordered the Government to produce factual returns thirty days after entry of the Protective Order); *Ameziane v. Bush*, 05-CV-00392 (ESH) slip op. at 5 (D.D.C. Apr. 12, 2005) (Judge Huvelle ordered the government to provide a factual return within ninety days); *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 200 (D.D.C. Apr. 21, 2005) (Judge Bates requires the government to file factual returns within 120 days); *Errachidi v. Bush*, No. 05-CV-00640 (EGS) (D.D.C. Apr. 21, 2005) (minute order) (Judge Sullivan ordered the government to provide factual return within five days); *Al-Adahi v. Bush*, No. 05-CV-00280 (GK) slip op. at 2 (D.D.C. Apr. 29, 2005) (Judge Kessler gave the government three months to file the factual returns); *Al-Mohammed v. Bush*, No. 05-CV-00247 (HHK) slip op. at 3 (D.D.C. Apr. 30, 2005) (Judge Kennedy ordered the government to provide factual returns within forty-five days); *Al-Shamri v. Bush*, No. 05-CV-00551 (RWR) slip op. at 4 (D.D.C. May 10, 2005) (Judge Roberts stayed proceedings but ordered Government to produce factual returns within thirty days); *Battayav v. Bush*, No. 05-CV-00714 (RBW) slip op. at 5-6 (D.D.C. May 19, 2005) (Judge Walton ordered the government to produce factual returns within 120 days); *Al-Wazan v. Bush*, No. 05-CV-00329 (PLF) slip op. at 1 (D.D.C. Jun. 14, 2005) (Judge Friedman ordered the government to produce the factual return within ninety days); *Batarfi v. Bush*, 05-V-00409 (EGS) (D.D.C. Jul. 20, 2005) (minute order) (Judge Sullivan required government to file factual return within fifteen days); *Hatim v. Bush*, 05-CV-01429 (RMU) slip op. at 4 (D.D.C. Aug. 22, 2005) (Judge Urbina ordered the government to produce factual return within seven days), opinions attached hereto as Exhibit B; *But see Imran v. Bush*, 05-CV-00764 (CKK) slip op. at 1 (D.D.C. Apr. 25, 2005); *Hamoodah v. Bush*, 05-
(continued...)

Respondents' record of being able to provide factual returns in as little as three business days, Petitioners urge the Court to order their production in thirty days, which is more than enough time for Respondents to comply.

### 3. **The Protective Order Protects Classified Information**

The Protective Order that Respondents are requesting the Court to enter ensures that any classified material in the factual return will be treated properly. As Respondents state, their own procedures require preparation of a classified and unclassified version of each petitioner's factual return. By definition, there can be no concern about disclosure of classified information by providing counsel with the unclassified version of the factual return. Under the terms of the Protective Order, classified materials may be provided only to counsel who have received security clearances. Petitioners' counsel are in the process of applying for security clearances. Even though counsel who have obtained security clearances cannot discuss any classified information in the return with the Petitioners, counsel's review is still critically important for representation of each Petitioner. Respondents consent to and in fact request the Court to enter the Protective Order, and presumably believe it will protect any classified information. (Mot. To Stay at 4.) If Respondents are concerned about the treatment of classified information, the solution is to request modification of the Protective Order, not to deny counsel access to relevant information.

---

CV-00795 (RJL) slip op. at 1-2 (D.D.C. May 24, 2005) (denying petitioner's motion to show cause); *Attash v. Bush*, 05-CV-01592 (RCL) slip op. at 1) (D.D.C. Sep. 1, 2005).

## CONCLUSION

Based on the aforementioned reasons, Petitioners respectfully request that the Court enter a modified stay order requiring Respondents to provide counsel with factual returns necessary to prepare Petitioners' cases within thirty days.

Respectfully submitted,

CLIFFORD CHANCE US LLP

By: /s/ Julia Symon de Kluiver
Julia Symon de Kluiver (Bar No. 456828)
Roni E. Bergoffen
Erin Peters
2001 K Street NW
Washington, DC  20006
Tel:     (202) 912-5000
Fax:     (202) 912-6000
e-mail: julia.dekluiver@cliffordchance.com

James M. Hosking
31 West 52nd Street
New York, NY 10019
Tel:     (212) 878-8000
Fax:     (212) 878-8375
e-mail: james.hosking@cliffordchance.com

*Of Counsel*
Barbara J. Olshansky
Tina Monshipour Foster
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

*Counsel for Petitioners*

January 6, 2006

## DECLARATION OF SERVICE

Duan M. Pryor, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am a litigation paralegal at the law firm of Clifford Chance US LLP, attorneys for Petitioners.

That on January 6, 2006, I served a true copy of the attached Memorandum of Points and Authorities in Opposition to Respondents' Motion to Stay Proceedings Pending Related Appeals and a Proposed Order, on counsel of record listed Service List listed below, via the Court's ECF System and via First Class Mail, by depositing the same in a duly enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 6, 2006.

/s/Duan M. Pryor
Duan M. Pryor

TO:   Joseph H. Hunt
      Vincent M. Garvey
      Terry M. Henry
      James J. Schwartz
      Preeya M. Noronha
      Robert J. Katerberg
      Nicholas J. Patterson
      Andrew I. Warden
      Marc A. Perez
      UNITED STATES DEPARTMENT OF JUSTICE
      Civil Division, Federal Programs Branch
      20 Massachusetts Ave, N.W., Room 7144
      Washington, DC  20520
      Tel:   (202) 616-8298
      Fax:   (202) 616-8460

WA 394408.2