IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD ABDULLAH AHMED GHAZY, *et al.*, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, *et al.*, )<br>)<br>Respondents )<br>) | 05-CV-2223(RJL) |

**PETITIONERS' RESPONSE TO RESPONDENT'S MOTION
FOR PROCEDURES RELATED TO REVIEW OF CERTAIN DETAINEE MATERIALS**

Petitioners, by their counsel, respectfully submit this response to the Government's Motion for Procedures Related to Review of Certain Detainee Materials. The Government's motion should be denied.

This petition was stayed by the Court by minute order of April 24, 2006. The petition was stayed without ordering entry of the Protective Order, which had previously been agreed to by the Government and had been requested by Petitioners. However, in light of subsequent developments, in particular, the United States Supreme Court's decision in *Hamdan v. Rumsfeld*, 548 U.S. ___ (2006), Petitioners expect that the Protective Order will be entered in the near future.

In anticipation of that event, Petitioners oppose the instant motion as an unwarranted and inappropriate interference with the fundamental principle of attorney-client privilege.[1] In the

---

[1] Petitioners also file this response out of concern that on July 20, 2006, the Government withdrew the instant motion in those other pending Guantánamo cases in which the Government "determined that Petitioners have not had attorney-client materials impounded for purposes of the ongoing investigation by the [NCIS]...or because Respondents have been unable to identify Petitioners as detainees currently detained at Guantanamo." *Notice of Withdrawal of Respondent's Motion for Procedures Related to Review of Certain Detainee Materials*

name of investigating three prisoner deaths, the Government seeks to breach a fundamental privilege and weaken prisoners' confidence that communications with their counsel will remain confidential.

If the Court decides to allow any further review, the review should be conducted in the first instance by a neutral party, such as a magistrate judge or a special master, without the involvement of the military or the Department of Justice.

## ARGUMENT[2]

**A.  The Government Has No Authority To Breach the Attorney-Client Privilege**

This Court has ruled that detainees held at Guantánamo have a right to representation by and access to counsel. It has recognized the privilege that applies to communications between detainees and their lawyers, and it has gone to great lengths to protect that privilege by creating access procedures protecting the confidentiality of attorney-client communications. *See Adem v. Bush*, 425 F. Supp. 2d 7, 11 (D.D.C. 2006) (upholding the protective order to permit counsel access), citing *Rasul v. Bush*, 542 U.S. 466, 484 (2004). Nonetheless, the Government seeks this Court's restrospective approval of having breached the attorney-client privilege.

**1.  Exceptions to the Attorney-Client Privilege Are Permitted Only With An Individualized Showing of Probable Cause**

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Its purpose is to "encourage full and frank communication between attorneys and their

---

*and Request for Expedited Briefing* (July 20, 2006). Obviously, in the absence of a Protective Order, counsel has had no communications with Petitioners. This response is being filed out of an abundance of caution and as a consequence of not being able to contact Petitioners to ascertain the facts behind being named in Respondent's motion.

[2]  The Government argues in a footnote to its motion that the Detainee Treatment Act divested the Court of jurisdiction over all of the Guantánamo habeas cases. (Mot. at 2 n.3.) The Supreme Court, however, has held that "§ 1005(e)(1) does not strip federal courts' jurisdiction over cases pending on the date of the DTA's

clients and thereby promote broader public interests in the observance of law and administration of justice." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998). As this Court has recognized in the context of the Guantánamo litigation, "[t]he privilege that attaches to communications between counsel and client has long held an exceptional place in the legal system of the United States." *Al Odah v. United States*, 346 F. Supp 2d 1 at 10 (D.D.C. 2004).

Abrogation of the attorney-client privilege in any context requires the Government to make a specific, *individualized* showing that there is sufficiently compelling justification for invading the privilege. Even when such documents will be reviewed *in camera* by the court – and not by the Government – "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies."[3] *United States v. Zolin*, 491 U.S. 554, 572 (1989) (quotations and citations omitted).

2. **The Government Has Failed to Make Such an Individualized Showing**

The Government has presented no evidence that any of the Petitioners has misused the privileges that accompany the attorney-client privilege. None of the handful of documents relied upon in the Government's motion even come close to establishing the necessary specificity to make an individualized showing of misuse. To abrogate the attorney-client privilege on the basis of such insubstantial evidence would strike at the very foundation of the privilege. Moreover, it would seriously undermine counsel's ability to win the trust and confidence of his or her client.

---

enactment." *Hamdan v. Rumsfeld*, 548 U.S. ___ (2006), slip op. 20 n.15. By its filing of the instant motion, the Government implicitly acknowledges the Court's continuing jurisdiction.

3

### 3. Even If such a Showing Were Able to be Made, Documents Should Be Reviewed by the Court *in Camera*

Even if the Government has shown sufficient basis to abrogate the attorney-client privilege, the use of a Department of Defense Filter Team is inappropriate here. Furthermore, the Government offers no standards by which the Filter Team would exercise its discretion in review of the attorney-client privileged communications. To the extent that the Government can make a specific, individualized showing that a particular detainee is using his attorney-client materials for improper ends, the Court at most should order that those documents be reviewed *in camera* by a judge, in the presence of habeas counsel and without Government lawyers.

### B. The Government Cannot Seek Arbitrary Involvement of the Court

The Government should be prohibited from arbitrarily involving the Court as and when it needs or does not need it. While the Government has limited court jurisdiction for review of detainee cases, the Government also seeks to expand the Court's involvement—but only when it proves convenient.

There is no apparent logic behind the Government's double standard. The Government has sought to restrict Court involvement by severely narrowing jurisdiction for consideration of *habeas* petitions by aliens detained as enemy combatants at Guantánamo Bay. The passage of §1005(e)(2) of the Detainee Treatment Act creates exclusive review by the D.C. Circuit of the validity of such detentions and final decisions of military commissions. *See* Detainee Treatment Act, Pub. L. No. 109-148, tit. X, 119 Stat. 2680. Further, in the instant Petition the Respondent has sought and obtained a stay, thereby precluding Petitioners' ability to obtain the discovery that would be expected in a *habeas* proceeding. Yet, at the same time, the Government seeks now to heavily involve the Court through its "Filter Team" proposal. In so doing, the

Government requests the Court's approbation of its continued breaches of the attorney-client privilege.

## CONCLUSION

For the preceding reasons, the Government's motion should be denied.

Dated: Washington, DC
July 21, 2006

                                                Respectfully submitted,

                                                CLIFFORD CHANCE US LLP

                                                _____/s/_____
                                                Julia Symon
                                                DC Bar No. 456828
                                                2001 K Street NW
                                                Washington, DC  20006
                                                (202) 912-5000 (tel)
                                                (202) 912-6000 (fax)
                                                e-mail: julia.dekluiver@cliffordchance.com

                                                James M. Hosking
                                                31 W. 52nd Street
                                                New York, NY 10019
                                                (212) 878-8000 (tel)
                                                (212) 878-8375 (fax)
                                                e-mail: james.hosking@cliffordchance.com

                                                *Of counsel*
                                                Barbara J. Olshansky
                                                Gitanjali S. Gutierrez
                                                CENTER FOR CONSTITUTIONAL RIGHTS
                                                666 Broadway, 7th Floor
                                                New York, New York  10012
                                                Tel: (212) 614-6439
                                                Fax: (212) 614-6499

                                                *Counsel for Petitioners*