**EXHIBIT C**

## DECLARATION OF CAROL KISTHARDT

Pursuant to 28 U.S.C. § 1746, I, Carol Kisthardt, hereby declare:

1.     I am the Special Agent in Charge, Southeast Field Office, Naval Criminal Investigative Service ("NCIS"). I have served in this position since May 2004. In this capacity I supervise all NCIS investigations within the jurisdiction of the Southeast Field Office, which includes the U.S. Naval Base at Guantanamo Bay, Cuba. This declaration is provided to supplement, and correct certain information in, my prior 7 July 2006 declaration. The information provided in this declaration is based on my personal knowledge or information supplied to me in my official capacity.

2.     As noted in my prior declaration on or about 14 June 2006, the Naval Criminal Investigative Service (NCIS) team involved in investigating the 10 June 2006 detainee suicides at the U.S. Naval Base at Guantanamo Bay, Cuba, recovered personal items and papers, including legal material and other correspondence, of enemy combatant detainees in the Guantanamo detention facility. Approximately 1100 pounds of materials/documents were recovered during the searches.

3.     The materials collected from each detainee's cell and effects were separately bagged for eventual sorting and review. As material was recovered, it was placed into either clear, plastic, resealable bags (approximately 12 x 12 inches in size) or into paper bags and labeled with information identifying the detainee (for example, the detainee's ISN, camp, cell block, cell number). These bags were then placed in large, brown paper bags (approximately the size of grocery bags, 21 x 12 x 6.75 in inches). The bags were safeguarded by NCIS during the collection process by being placed in a locked van at the detention facility. The bags were then transported by NCIS personnel to NCIS office spaces on the Base and afterward placed in cardboard boxes that were sealed with tape.

The building is alarmed.

The NCIS office spaces within the building have their own controlled entry security system. The boxes were thereafter placed into and are now stored in a locked and alarmed NCIS evidence room inside the NCIS office spaces. Only NCIS personnel are permitted access to the evidence room, through designated evidence custodians.

4. As noted in my 7 July 2006 declaration, on 18 June 2006, NCIS personnel began sorting a number of bags of collected materials. My prior declaration erroneously stated, however, that "materials from bags pertaining to eleven detainees" were sorted. In fact, however, materials from eleven of the paper bags containing detainee-specific bags of materials were sorted. These eleven bags were taken from the larger total number of paper bags containing the collected materials. This error in my prior declaration resulted from an inadvertent oversight with respect to the wording of my prior declaration.

5.    The nature of the sorting process of the eleven large paper bags of materials involved separating any documents or envelopes containing documents that appeared even remotely to be possible Attorney Client Privileged information from information that gave no indication of being privileged, and conducting a preliminary scan of non-privileged information for items that could be of evidentiary value. Items were discovered that are described in my prior declaration. As noted in my prior declaration, however, while examining other materials from the detainee who had possession of the JTF-GTMO generated e-mail discovered, the NCIS investigators participating in the sorting found three envelopes that were marked as attorney-client privileged information. I looked at the contents of the three envelopes as described in my prior declaration, though neither I nor any other member of the NCIS review team read any of the documents in the three envelopes. Also during the sorting process, some of the non-privileged information could not be assessed because it was written in languages for

which translators were not present on the review team. As noted in my prior declaration, after this initial attempt at sorting of materials, I suspended any further examination of the collected materials, including those that were part of the initial sorting, due to the overall volume of materials, the apparent multitude of foreign languages within the materials, and the need for guidance regarding the handling of purported attorney-client material. No further review of the documents contained within the bags of collected materials has taken place.

5.      I estimate that the eleven large paper bags contained detainee-specific bags from approximately 155 detainees total. The large paper bags were selected for sorting because the appeared to be among the lightest and least full of all the large paper bags; I estimate that the bags constituted approximately 10% by weight of the approximately 1100 pounds of materials collected, or roughly 110 pounds.


I hereby declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


DATED: *11 AUG 06*

*[signature]*

Carol Kisthardt