IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD ABDULLAH AHMED GHAZY, *et al.*, <br><br>　　　　Petitioners, <br><br>　　v. <br><br>GEORGE W. BUSH, <br>President of the United States, *et al.*, <br><br>　　　　Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )　Civil Action No. 05-2223 (RJL) |

## STATUS REPORT

Pursuant to this Court's Order of July 15, 2008, undersigned counsel for the respondents states the following status of this case:

　　1)　  Petitioners.  The petition for a writ of habeas corpus initiating this case was filed on November 15, 2005, on behalf of up to six individuals purportedly detained at Guantanamo Bay, Cuba:

　　　　a)　  A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the following petitioners to be enemy combatants, and they are detained at Guantanamo Bay: petitioner Abdallah Yahya Youssef Allsshaballi (aka "Abdullah Yahia Yousf al Shabli") is a national of Yemen identified by ISN 240; Moath Hamza Ahmed al Alwi (aka "Muaz Hamza Ahmad al Alawi") is a national of Yemen identified by ISN 028; and Mohammed Ali Hussain Khanina (aka "Muhammad Ali Hussein Khenaina") is a national of Yemen identified by ISN 254.

b) The following petitioners were determined by a CSRT to be enemy combatants, and are detained at Guantanamo Bay, but have been approved for release or transfer from United States custody once a destination country offering suitable assurances is identified: petitioner Fahd Abdullah Ahmed Ghazy (aka "Fahed Abdullah Ahmad Ghazi") is a national of Yemen identified by Internment Serial Number ("ISN") 026. For reasons of which this Court is aware, *see, e.g.*, *Mammar v. Bush*, Civ. A. No. 05-0573, dkt. no. 7 (May 3, 2005) (order denying petitoner's motion for preliminary injunction); *see also In re Guantanamo Bay Detainee Litigation*, Misc. No. 05-442, dkt. no. 40 (July 9, 2008) (opposition to motion for advanced notice of transfer from Guantanamo Bay in light of *Boumediene*), providing further specific information about the circumstances and timing of any potential release or transfer would not be appropriate because those matters are the subject of delicate and ongoing negotiations between the United States and foreign governments.

c) Because insufficient information was provided, the following petitioner has not been identified as an individual ever detained at Guantanamo Bay: "Fadi Ahmad Alimaqaleh." Undersigned counsel has conferred with the petitioner's counsel, who concurs that the petition of this individual should be dismissed.

d) The following petitioner, who is accounted for in the paragraphs above, has a subsequent and duplicate petition pending before another Judge of this Court: Zaher Omer Bin Hamdoon (ISN 576D) (Civ. A. No. 05–0280 (GK)). Undersigned counsel has conferred with petitioner's counsel, who concurs that the petition of this individual should be dismissed from this case.

e) No petitioners in this case have been charged with war crimes under the Military Commissions Act of 2006 ("MCA").

2) History Surrounding Detention. Without prejudice to respondents' submission of appropriate factual returns as discussed in ¶ 7 *infra*, respondents provide the following facts collected by the Department of Defense surrounding each petitioner's detention:

a) ISN 026: The petitioner received military-type training at a terrorist training camp in Afghanistan and was present at Tora Bora, Afghanistan, during active hostilities between forces of the United States and al-Qaeda fighters. He was captured attempting to leave Afghanistan after U.S. air strikes.

b) ISN 240: The petitioner received military-type training at terrorist training camps in Afghanistan and was present at Tora Bora, Afghanistan, during active hostilities between forces of the United States and al-Qaeda fighters. He was captured after leaving Tora Bora.

c) ISN 028: The petitioner received military-type training at terrorist training camps in Afghanistan and was present at Tora Bora, Afghanistan, during active hostilities between forces of the United States and al-Qaeda fighters. He was captured entering Pakistan from Afghanistan.

d) ISN 254: The petitioner came to Afghanistan from his home country and resided in a Taliban guest house known as a transit station for Arab militants. He was captured entering Pakistan from Afghanistan.

3) Procedural Posture. This case was stayed on April 7, 2005 pending related appeals and, ultimately, the Supreme Court's consideration of *Boumediene v. Bush*, ___U.S.___,

128 S. Ct. 2229 (June 12, 2008). Given the decision in *Boumediene*, the respondents do not object to this Court lifting the stay. On April 19, 2007, respondents moved to dismiss this case for want of jurisdiction under the MCA, and that motion remains pending. However, *Boumediene* renders moot much of the respondents' argument for seeking dismissal, and the respondents withdraw that motion as to the petitioners listed in ¶ 1.a. Because the petitioner listed in paragraph 1.c. is unidentified, the respondents submit that dismissal remains appropriate in his case. The respondents are not aware of any other pending motions that are ripe for decision.

      4)      <u>Type of Petition.</u>  All petitioners in this case are represented by next friends (although none of the next friends' signatures appears to be properly witnessed; see dkt no. 1, Exhs. A-F inclusive). Each petitioner filed a Detainee Treatment Act (DTA) petition for review on June 29, 2007 and the U.S. Court of Appeals for the District of Columbia entered a protective order for each on September 6, 2007, so counsel has had the opportunity to visit the petitioners and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether any petitioner consents to this matter proceeding. Petitioners' counsel should be required to demonstrate direct authorization from petitioners before merits-related matters are scheduled in this case.

      5)      <u>Protective Order.</u>  Petitioners moved this court for habeas protective orders on July 14, 2008 (dkt.33). The government will not oppose a motion for entry of the standard habeas protective orders, i.e., (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); (2) the Order Addressing Designation

Procedures for "Protected Information," first issued on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.  The respondents do not anticipate seeking changes to the standard habeas protective orders, except for those proposed by the Court Security Officers, e.g., to modify the filing procedures and authorize electronic filing.  In the event that the petitioners seek to modify the orders, the respondents reserve their right also to propose modifications.

   6)  CSRT Records.  All petitioners listed in ¶¶ 1.a., b. above have been determined to be enemy combatants by a CSRT.  Summaries of the unclassified evidence before the CSRT justifying each petitioner's detention are available to counsel and the public at http://www.dod.mil/pubs/foi/detainees/csrt_arb/index.html.  Counsel has been provided with the classified CSRT records for ISN 26, ISN 28 and ISN 240 in the context of proceedings under the Detainee Treatment Act (cases 07-1250, 07-1251 and 07-1249, respectively) before the U.S. Court of Appeals for the District of Columbia Circuit.  As for the other petitioner, affected government agencies are reviewing the CSRT records for information that may not properly be disclosed to petitioners' counsel, as the respondents described during the July 10, 2008 status conference, before it is released to the petitioners' counsel. Thus, although the petitioners are represented by counsel cleared at least to the Secret level, the CSRT record may not be produced to counsel before the scheduled July 24, 2008 status conference. If it has not been produced, the respondents will provide to the Court a status of the redaction process during the scheduled conference.  Respondents should not be required at this time to provide to counsel CSRT records pertaining to petitioners listed in ¶ 1.b., who have been cleared for release or transfer from

Guantanamo Bay; rather, cases pertaining to such petitioners should proceed on a separate litigation track.

    7)    <u>Factual Return.</u>  A factual return has not been filed with respect to any petitioner in this case.  The respondents will offer to the Court at the July 24, 2008 status conference an estimate of when it would expect to file the return.  Respondents should not be required at this time to provide a factual return pertaining to the petitioner listed in ¶ 1.b. who has been cleared for release or transfer; rather, cases pertaining to such petitioners should proceed on a separate litigation track.

At the July 10, 2008 status conference, counsel for petitioners in this and related habeas corpus cases indicated that they intend to argue that the factual return submitted in these cases should consist only of the complete CSRT record.  There is no basis in the law for restricting or otherwise limiting the material that the government may put forward as a factual return.  *See, e.g.*, 28 U.S.C. § 2243 (stating only that the respondent "shall make a return certifying the true cause of the detention").  The petitioners' contrary argument would have this Court prohibit the government from presenting factual returns containing contemporaneous or subsequently-discovered information that was not presented to the CSRT, absent the government's showing of cause.  That argument would also require respondents to include in their factual return material on which respondents might determine not to rely in arguing that a given petitioner is an enemy combatant.  To the extent that this Court is considering such a position, the issue is a common one that should be briefed and argued as discussed below.[1]

---

[1] Suffice to say for this report, however, that the proposition that a factual return should be limited to the CSRT record is faulty in several ways.  For example, the proposition not only requires this Court to adopt an extreme view of the limitations that habeas courts may place on

8) <u>Common Issues.</u>  Certain issues are common to all of the petitions related to Guantanamo Bay detainees pending before this Court.  The resolution of such issues is crucial because it will establish the framework under which the parties and the Court address this unprecedented situation.  The respondents urge this Court to order briefing and oral argument on those matters.  In addition to petitioners' anticipated argument regarding the filing of factual returns discussed above, the respondents offer the following non-exhaustive list of common questions that would benefit from early decision:

a) *How are the habeas proceedings to be structured, including the presentation of the return and the filing and composition of the petitioners' traverse, if any?*

b) *What is the legal authority for detention in these cases?*

c) *What is the burden of proof for establishing that detention is lawful? Which party bears the burden at different stages of the proceeding?*

d) *May the parties introduce and rely on hearsay evidence?*

e) *What is the standard for obtaining an evidentiary hearing, if any?*

f) *What is the availability of confrontation and compulsion rights, if any?*

g) *Does the Court have jurisdiction to consider collateral claims apart from the core habeas corpus right to seek release, such as challenges to conditions of confinement or transfer?*

---

actions constitutionally committed to the Executive, but the exclusion of subsequently-gained information would presumably apply to newly obtained evidence that undercuts the government's justification for detention as well as information supporting the detention, else it fails as a matter of logic.  Such a course would hardly benefit the petitioners.

      h)    *Will the Court structure motions practice, especially related to collateral issues, in a manner that will help resolve these cases in an expeditious fashion?*

      i)    *How should consideration of these petitioners' challenges be sequenced, within this case and within the overall Guantanamo Bay habeas litigation pending before this Court? Should priority be given to petitioners who have not been cleared for release or transfer from Guantanamo Bay? Should the habeas case for a detainee pending trial by military commission be stayed or held in abeyance?*

9)    <u>Attendance of Counsel for Respondents at Status Conferences.</u>  Given the array of issues, both legal and factual, presented in these habeas corpus cases, the respondents respectfully request that one additional attorney be allowed to represent the government at the July 23 and 24, 2008 status conferences, for a total of three counsel participants for the respondents.

Dated: July 18, 2008                        Respectfully submitted,

                                                GREGORY G. KATSAS
                                                Assistant Attorney General

                                                JOHN C. O'QUINN
                                                Deputy Assistant Attorney General

      */s/Scott M. Marconda*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
SCOTT M. MARCONDA
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 514-3755
Fax:  (202) 616-8470

Attorneys for Respondents