IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD ABDULLAH AHMED GHAZY, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v.                                    ) | 05-CV-2223 (RJL) |
| ) | |
| GEORGE W. BUSH, President of the ) | |
| United States, *et al.*,              ) | |
| ) | |
| Respondents.                 ) | |

## STATUS REPORT

Petitioners, Fahd Abdullah Ahmed Ghazy, Fadi Ahmad Alimaqaleh, Abdallah Yahya Youssef Allsshaballi, Moath Hamza Ahmed Al Alwi, Mohammed Ali Hussain Khanina, and Zaher Omer Bin Hamdoon, by their undersigned counsel, respectfully submit this report to advise the Court of the status of this litigation as requested in the July 10, 2008 Plenary Status Conference.

### I. COMMON ISSUES

There are several common issues relating to each of the Petitioners in this matter that should be addressed as soon as possible:

A.  Stay

On December 22, 2005, Respondents moved to have the petition stayed pending related appeals and that motion was granted by the Court on April 24, 2006. Petitioners request that the stay be lifted.

B.  Protective Order

Petitioners filed an unopposed motion for entry of the protective order on July 16, 2008. The protective order was entered today.

C.  Factual Returns

The Government has not produced any factual returns for the Petitioners in this *habeas* case. As explained below, it has provided some information for the Petitioners in their DTA petitions pursuant to the protective order entered in those petitions.[1] We have initiated the process of conferring with the Government on a timetable and procedures for the provision of factual returns.

D.  Status of Client Visits

Because of the stay and the fact that no protective order had been entered in this matter until today, undersigned counsel were unable to visit their clients at Guantánamo Bay, Cuba, until a protective order was entered in the DTA actions. Due to these delays, Clifford Chance's first visit to Guantánamo Bay, Cuba, was in May 2008, during which counsel met with three of the four Petitioners in this matter for the first time. A second visit is scheduled in August. It will be important for counsel to make multiple visits to our clients in the coming months in order to represent them in these proceedings. We hope and expect that these visits will be accommodated by the Government.

---

[1] The *Bismullah* protective order was entered by the Court in the DTA actions for Messrs. Ghazy, Allsshaballi, Khanina, and Al Alwi in the United States Court of Appeals for the District of Columbia Circuit on September 6, 2007.

E.  Security Clearances

Clifford Chance US LLP represents a total of six detainees still at Guantánamo whose petitions are actively being pursued.[2] Only three Clifford Chance attorneys have been granted security clearances to review classified information and meet with their clients. One of those cleared is now on secondment overseas, leaving only two cleared attorneys. The security clearance application for an additional attorney, Mr. Hanna Madbak, has been pending since January 28, 2008. Mr. Madbak has made frequent follow-up inquiries with the Court Security Office ("CSO"), and has promptly provided any additional information requested. However, as recently as July 17, 2008, the CSO declined to give Mr. Madbak any time frame within which he could expect to receive a determination on his request for clearance. To the best of his knowledge, all of his referees have been interviewed. As a male Arabic speaker, Clifford Chance urgently needs his security clearance to be granted in order to move forward with these matters expeditiously.

## II. FAHD ABDULLAH AHMED GHAZY (ISN 26)

Mr. Ghazy is a citizen of Yemen who has been detained at Guantánamo Bay, Cuba, since early 2002. He is one of the longest-serving detainees at Guantánamo. At the time of his capture and detention, Mr. Ghazy was 17 years old. He is from a village near Sanaa, Yemen. He is married and has a seven-year old daughter, Hafsa. Mr. Ghazy wishes to return to his family in Yemen. He has been cleared for release, subject to "appropriate diplomatic arrangements" being made, since September 2007 but the Government has given no assurance if and when he will be transferred.

---

[2] In addition to Messrs. Ghazy, Allsshaballi, Al Alwi and Khanina in this proceeding, Clifford Chance also represents two additional petitioners in *Ba Odah, et al. v. Bush*, 06-CV-1668 (HHK), Misc. No. 08-442 (TFH).

A.   Statement of Factual History Surrounding Detention

The circumstances surrounding Mr. Ghazy's arrest and detention are not fully known. Based on the unclassified evidence received in Mr. Ghazy's DTA case, we understand that the Government alleges that in late 2001 Mr. Ghazy was handed over to Pakistani Government officials near the Pakistan/Afghanistan border, who later turned Mr. Ghazy over to U.S. authorities. Petitioner's counsel does not have sufficient information to determine the specific date on which Mr. Ghazy arrived at the Guantánamo Bay Naval Base but understands that he is one of the longest-serving detainees at the base.

The unclassified record indicates that Mr. Ghazy's detention was considered by a Combatant Status Review Tribunal ("CSRT") on August 21, 2004. At the hearing, the CSRT determined that, by a preponderance of the evidence, Mr. Ghazy was properly classified as an enemy combatant.

B.   Status of Petitioner's Detention

To the best of counsel's knowledge, Mr. Ghazy is currently detained at Guantánamo Bay, Cuba. Counsel met with the Petitioner pursuant to the DTA protective order in the week of May 19, 2008.

On November 9, 2007, Mr. Ghazy was informed that he had been approved to leave Guantánamo Bay by an Administrative Review Board panel on September 24, 2007. On February 8, 2008, undersigned counsel received an email from Staff Judge Advocate Bree Ementrout, stating that Mr. Ghazy was "approved to leave Guantánamo, subject to appropriate diplomatic arrangements for his departure." Despite inquiries to the U.S. and Yemeni

Governments, counsel have received no assurances as to when whatever "diplomatic arrangements" necessary for Mr. Ghazy's return will be completed.

C.  Duplicate Petitions

Undersigned counsel are not aware of any duplicate petitions filed on behalf of Mr. Ghazy.

D.  War Crimes Charges

Undersigned counsel are not aware of any war crimes charges filed against Mr. Ghazy.

E.  Pending Motions

Two motions for admission *pro hac vice* for Petitioners' counsel are pending.

F.  Factual Return

The Government has not provided a factual return for Mr. Ghazy.

On August 24, 2007, the Government provided undersigned counsel with a "certified index of the record" in Mr. Ghazy's DTA proceeding. This included an unclassified version of Mr. Ghazy's CSRT record of proceedings. In response to demands from Petitioner's counsel, in or about April 2008, the Government also made a redacted version of Mr. Ghazy's classified CSRT record of proceedings available for review at the secured facility. This has been reviewed by certain Clifford Chance lawyers who have obtained security clearance.

We have initiated the process of conferring with the Government on a timetable and procedures for the provision of factual returns.

G.  Discovery

Because no factual return has been provided by the Government, counsel for Mr. Ghazy are unable to state at this time whether discovery will be needed.

H.     Collateral Issues

Because no factual return has been provided by the Government, counsel for Mr. Ghazy are unable to state at this time whether there are collateral issues that need to be addressed.

I.     Common Procedural and Substantive Issues

Counsel have identified certain common procedural issues above. Because no factual return has been provided by the Government, Counsel for Mr. Ghazy are unable to state at this time whether there are common substantive issues that need to be addressed.

### III.  FADI AHMAD ALIMAQALEH

At the time of the filing of the petition in this matter, undersigned counsel believed Mr. Alimaqaleh was detained at Guantánamo Bay, Cuba. However, at this time undersigned counsel currently do not have information to support that Mr. Alimaqaleh was or is detained there. Counsel for Petitioner and Respondents have conferred and agree to dismiss Mr. Alimaqaleh's claims without prejudice.

### IV.  ABDALLAH YAHYA YOUSSEF ALLSSHABALLI (ISN 240)

Mr. Allsshaballi is a citizen of Yemen although, to the best of counsel's knowledge, he has always lived in Saudi Arabia.

A.     Statement of Factual History Surrounding Detention

The circumstances of Mr. Allsshaballi's capture and detention are not fully known. Based on the unclassified evidence that Petitioner's counsel has received in the DTA case, we understand that the Government alleges that in late 2001, Mr. Allsshaballi was taken into custody by Afghan authorities and subsequently transferred to the custody of the U.S. armed forces.

Petitioner's Counsel does not have sufficient information to determine the specific date on which Mr. Allsshaballi arrived at the Guantánamo Bay Naval Base.

The unclassified record indicates that Mr. Allsshaballi's detention was considered by a CSRT on November 2, 2004. The Tribunal determined by a "preponderance of the evidence" that Mr. Allsshaballi was properly designated as an enemy combatant.

B.  Status of Petitioner's Detention

To the best of counsel's knowledge, Mr. Allsshaballi is currently detained at Guantánamo Bay, Cuba. Counsel met with the Petitioner pursuant to the DTA protective order in the week of May 19, 2008.

Undersigned counsel are not aware whether Mr. Allsshaballi has been cleared for release or transfer. To counsel's best knowledge and belief, if approved for transfer Mr. Allsshaballi would prefer to be repatriated to his family in Saudi Arabia. However, counsel do not have instructions on this matter.

C.  Duplicate Petitions

Undersigned counsel are not aware of any duplicate petitions filed on behalf of Mr. Allsshaballi.

D.  War Crimes Charges

Undersigned counsel are not aware of any war crimes charges being filed against Mr. Allsshaballi.

E.  Pending Motions

Two motions for admission *pro hac vice* for Petitioners' counsel are pending.

F.  Factual Return

The Government has not provided a factual return for Mr. Allsshaballi.

On August 24, 2007, the Government provided undersigned counsel with a "certified index of the record" in Mr. Allsshaballi's DTA proceeding. This included an unclassified version of Mr. Allsshaballi's CSRT record of proceedings. In response to demands from Petitioner's counsel, in or about April 2008, the Government also made a redacted version of Mr. Allsshaballi's classified CSRT record of proceedings available for review at the secured facility. This has been reviewed by certain Clifford Chance lawyers who have obtained security clearance.

We have initiated the process of conferring with the Government on a timetable and procedures for the provision of factual returns.

G.   Discovery

Because no factual return has been provided by the Government, counsel for Mr. Allsshaballi are unable to state at this time whether discovery will be needed.

H.   Collateral Issues

Because no factual return has been provided by the Government, counsel for Mr. Allsshaballi are unable to state at this time whether there are collateral issues that need to be addressed.

I.   Common Procedural and Substantive Issues

Counsel have identified certain common procedural issues above. Because no factual return has been provided by the Government, counsel for Mr. Allsshaballi are unable to state at this time whether there are common substantive issues that need to be addressed.

**V.  MOATH HAMZA AHMED AL ALWI (ISN 28)**

Mr. Al Alwi is a citizen of Yemen although he has spent most of his life living in Saudi Arabia.

    A.    <u>Statement of Factual History Surrounding Detention</u>

Because counsel for Mr. Al Alwi have not been provided a factual return and/or the classified version of his CSRT record, the circumstances of his capture and detention are not fully known.  Based on the unclassified evidence that Petitioner's counsel received in the DTA case, we understand that the Government alleges that Mr. Al Alwi was captured on or near the Afghani-Pakistani border and was turned over to the U.S. forces.  Petitioner's counsel do not have sufficient information to determine the specific date on which Mr. Al Alwi was taken into custody or when he arrived at the Guantánamo Bay Naval Base.

The unclassified record indicates that an initial interview of Mr. Al Alwi was conducted on October 27, 2004.  His CSRT was held in *absentia* the next day, on October 28, at a location outside of the Guantánamo Bay Naval Base.  The Tribunal determined "by a preponderance of the evidence" that Mr. Al Alwi "is properly classified as an enemy combatant."

    B.    <u>Status of Petitioner's Detention</u>

To the best of counsel's knowledge, Mr. Al Alwi is currently detained at Guantánamo Bay, Cuba.  Counsel met with the Petitioner pursuant to the DTA protective order in the week of May 19, 2008.

Undersigned counsel are not aware whether Mr. Al Alwi has been cleared for release or transfer.  To counsel's best knowledge and belief, if approved for transfer Mr. Allsshaballi would prefer to be repatriated to his family in Saudi Arabia.  However, counsel does not have instructions on this matter.

      C.      Duplicate Petitions

Undersigned counsel are not aware of any duplicate petitions filed on behalf of Mr. Al Alwi.

      D.      War Crimes Charges

Undersigned counsel are not aware of any war crimes charges being filed against Mr. Al Alwi.

      E.      Pending Motions

Two motions for admission *pro hac vice* for Petitioners' counsel are pending.

      F.      Factual Return

The Government has not provided a factual return for Mr. Al Alwi.

On August 24, 2007, the Government provided undersigned counsel with a "certified index of the record" in Mr. Al Alwi's DTA proceeding. This included an unclassified version of Mr. Al Alwi's CSRT record of proceedings. Despite demands from Petitioner's counsel, the Government has refused to provide any classified information relating to Mr. Al Alwi. Petitioner's counsel has the requisite security clearance and requests that, at a minimum, the full unredacted classified portions of the CSRT record of proceedings for Petitioner be made available at the secure facility for counsel's review.

We have initiated the process of conferring with the Government on a timetable and procedures for the provision of factual returns.

      G.      Discovery

Because no factual return has been provided by the Government, counsel for Mr. Al Alwi are unable to state at this time whether discovery will be needed.

H.   Collateral Issues

Because no factual return has been provided by the Government, counsel for Mr. Al Alwi are unable to state at this time whether there are collateral issues that need to be addressed.

I.   Common Procedural and Substantive Issues

Counsel have identified certain common procedural issues above. Because no factual return has been provided by the Government, counsel for Mr. Al Alwi are unable to state at this time whether there are common substantive issues that need to be addressed.

VI.   **MOHAMMED ALI HUSSAIN KHANINA (ISN 254)**

Mr. Khanina is a citizen of Yemen.

A.   Statement of Factual History Surrounding Detention

Because counsel for Mr. Khanina have not been provided a factual return and/or the classified version of his CSRT record, the circumstances of his capture and detention are not fully known. Based on the unclassified evidence that Petitioner's counsel have received in the DTA case, we understand that the Government alleges that in late 2001 Mr. Khanina was detained by Pakistani authorities at or near the Pakistan-Afghanistan border and was jailed by the Pakistani authorities for approximately two weeks before being handed over to the U.S. authorities. Petitioner's counsel do not have sufficient information to determine the specific date on which Mr. Khanina arrived at the Guantánamo Bay Naval Base.

B.   Status of Petitioner's Detention

To the best of counsel's knowledge, Mr. Khanina is currently detained at Guantánamo Bay, Cuba.

The unclassified record indicates that Mr. Khanina's detention was first considered by a CSRT on December 17, 2004. At that hearing, the CSRT determined that "a preponderance of the evidence does not support the finding that" Mr. Khanina "is properly designated as an enemy combatant." In particular, the tribunal determined that Mr. Khanina "is not properly classified as an enemy combatant because the preponderance of the evidence does not show that he was part of or supporting Taliban, al Qaida, or associated forces that were engaged in hostilities against the United States or is coalition partners."

A second and different CSRT panel (not situated at Guantánamo Bay, Cuba) determined on January 28, 2005 that Mr. Khanina was properly classified as an enemy combatant. The legal sufficiency review found "even considering the additional evidence presented to the second tribunal, the evidence to prove the detainee is an enemy combatant is less than overwhelming." Despite this express concern, the legal sufficiency review recommended approving the CSRT decision due to the "low evidentiary hurdle" and the "rebuttable presumption of genuineness and accuracy that attaches to the Government Evidence."

Undersigned counsel is not aware whether Mr. Khanina has been cleared for release or transfer. To counsel's best knowledge and belief, if approved for transfer Mr. Khanina would wish to be repatriated to Yemen. We do not have instructions on this issue.

  C. <u>Duplicate Petitions</u>

Undersigned counsel are not aware of any duplicate petitions filed on behalf of Mr. Khanina.

  D. <u>War Crimes Charges</u>

Undersigned counsel are not aware of any war crimes charges being filed against Mr. Khanina.

### E. Pending Motions

Two motions for admission pro hac vice for petitioners' counsel are pending.

### F. Factual Return

The Government has not provided a factual return for Mr. Khanina.

On August 24, 2007, the Government provided undersigned counsel with a "certified index of the record" in Mr. Al Khanina's DTA proceeding. This included an unclassified version of Mr. Khanina's CSRT record of proceedings. Despite demands from Petitioner's counsel, the Government has refused to provide any classified information relating to Mr. Khanina. Petitioner's counsel have the requisite security clearance and request that, at a minimum, the full unredacted classified portions of the CSRT record of proceedings for Petitioner be made available at the secure facility for counsel's review.

We have initiated the process of conferring with the Government on a timetable and procedures for the provision of factual returns.

### G. Discovery

Because no factual return has been provided by the Government, counsel for Mr. Khanina are unable to state at this time whether discovery will be needed.

### H. Collateral Issues

Because no factual return has been provided by the Government, counsel for Mr. Khanina are unable to state at this time whether there are collateral issues that need to be addressed.

### I. Common Procedural and Substantive Issues

Counsel have identified certain common procedural issues above. Because no factual return has been provided by the Government, counsel for Mr. Khanina are unable to state at this time whether there are common substantive issues that need to be addressed.

## VII. ZAHER OMER BIN HAMDOON (ISN 576)

A duplicate petition has been filed on behalf of Zaher Omer Bin Hamdoon. *Al Adahi et al. v. Bush et al.*, 05-CV-280 (GK) (filed on February 7, 2005). Petitioner is represented by the law firm of Sutherland Asbill in that action. As the *Al Adahi* petition is the first filed, counsel for Petitioner and Respondents have agreed to dismiss Mr. Hamdoon's petition in this matter without prejudice.

Dated: July 18, 2008

        Respectfully submitted,

By:_____/ s /_____
    Julia C. Symon (DC Bar No. 456828)
    CLIFFORD CHANCE US LLP
    2001 K Street NW
    Washington, DC  20006
    Tel:      (202) 912-5000
    Fax:     (202) 912-6000

    James M. Hosking
    CLIFFORD CHANCE US LLP
    31 West 52nd Street
    New York, NY 10019
    Tel:      (212) 878-8000
    Fax:     (212) 878-8375

*Counsel for Petitioners*