**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                )
MOATH HAMZA AHMED AL ALWI,               )
                                                                )
                    Petitioner,                         )
                                                                )
          v.                                                   )          Civil Action No. 05-2223 (RJL)
                                                                )
BARACK OBAMA,                                       )
President of the United States, <u>et al.</u>,          )
                                                                )
                    Respondents.                     )
_____)

## <u>RESPONDENTS' OPPOSITION TO PETITIONER AL ALWI'S</u>
## <u>MOTION FOR RECONSIDERATION</u>

Respondents respectfully submit this memorandum in opposition to the Motion for

Reconsideration filed by Petitioner Moath Hamza Ahmed al Alwi ("Petitioner" or "al Alwi") on

January 27, 2009.  Even assuming that the Federal Rules of Civil Procedure apply to these <u>habeas</u>

<u>corpus</u> proceedings, Petitioner's Motion for Reconsideration should be denied because it fails to

meet the well-established and stringent requirements for such motions under those Rules.

## <u>BACKGROUND</u>

On December 30, 2009, the Court issued its memorandum order denying al Alwi's

petition for a writ of <u>habeas</u> <u>corpus</u>.  <u>See</u> Docket #107.  The Court issued its final judgment on

January 9, 2009.  <u>See</u> Docket #113.  Petitioner filed his Motion for Reconsideration on January

27, 2009, raising, for the very first time, a legal argument he could have raised prior to the

Court's decision on the merits.  <u>See</u> Petitioner's Motion for Reconsideration ("Pet.'s Motion").

For the reasons discussed below, the Court should deny the instant motion.

## ARGUMENT

While Respondents do not concede that the Federal Rules of Civil Procedure apply to these <u>habeas corpus</u> proceedings, Petitioner expressly filed his motion pursuant to Federal Rule of Civil Procedure 59(e).  <u>See</u> Pet.'s Motion at 1.  Assuming for the sake of this opposition only that the Federal Rules of Civil Procedure apply to these proceedings, motions made pursuant to Rule 59(e) are discretionary in nature and "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Thomas v. Nicholson</u>, 561 F. Supp. 2d 1, 3 (D.D.C. 2008) (<u>quoting</u> <u>Fox v. Am. Airlines Inc.</u>, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quotations omitted)).  Moreover, a Rule 59(e) motion should not be an "avenue for a losing party . . . to raise new issues that could have been raised previously."  <u>Id.</u> (<u>citing</u> <u>Kattan v. District of Columbia</u>, 995 F.2d 274, 276 (D.C. Cir. 1993) (quotations omitted)).

The Court should deny the instant motion because it fails to meet these stringent standards.  First, Petitioner's motion fails to identify an intervening change in controlling case law, new evidence, or a need to correct a clear error.  <u>Thomas</u>, 561 F. Supp. 2d at 3; <u>see</u> Pet's Motion at 2-5.  In fact, the Court rejected Petitioner's express argument made in his Motion for Reconsideration in the January 28, 2009 decision denying a different petition for a writ of <u>habeas corpus</u>.  <u>Al Bihani v. Bush</u>, Civil Case No. 05-1312, Docket #89.  Second, Petitioner advances for the first time in his Motion a novel legal issue that he could have raised to this Court at any time before the merits hearing.  Petitioner contends in his Motion for Reconsideration that he should be released from custody because the United States is no longer at war with the recognized Afghani government.  Pet.'s Motion at 2-5.  Petitioner, however, could have raised

this argument at any time and he fails to articulate a justification for not making it prior to the

merits hearing held on December 16, 2008.[1]  See generally id.  As this Court has cautioned,

Petitioner should not be permitted to raise a new issue that "could have been raised previously."

Thomas, 561 F. Supp. 2d at 3.

//

//

//

---

[1]  Petitioner cites a decision from the District of Massachusetts in support of his new legal argument.  Pet.'s Motion at 4 (citing United States v. Prosperi, 573 F. Supp. 2d 436, 455 (D. Mass. 2008)).  The Prosperi decision, however, does not constitute an "intervening change in controlling case law" that could theoretically support a Rule 59(e) motion because: (1) it involved the determination of whether the United States was currently at war under the Wartime Suspension of Limitations Act, not the definition of an enemy combatant in a habeas corpus proceeding; (2) it does not constitute binding authority on this Court; and (3) Petitioner could have raised this legal argument and cited the Prosperi decision prior to the merits hearing because the District of Massachusetts issued its decision on August 29, 2008.

## CONCLUSION

For the reasons set forth above, this Court should deny Petitioner's Motion for

Reconsideration.


Dated: February 10, 2009                    Respectfully submitted,

                                            MICHAEL F. HERTZ
                                            Acting Assistant Attorney General

                                            JOSEPH H. HUNT
                                            Director


                                            /s/ Stephen M. Elliott
                                            TERRY M. HENRY
                                            PAUL AHERN
                                            EDWARD MARTIN
                                            STEPHEN M. ELLIOTT
                                            Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Avenue, N.W.
                                            Washington, DC  20530
                                            (202) 305-8177
                                            Attorneys for Respondents