**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MOATH HAMZA AHMED AL ALWI,** ) | |
| ) | **Civ. Action No.  1:05-CV-02223 (RJL)** |
| **Petitioner,** ) | |
| **v.** ) | |
| ) | |
| **GEORGE W. BUSH, President of the United** ) | |
| **States,** *et al.*, ) | |
| **Respondents.** ) | |
| ) | |

**PETITIONER AL ALWI'S REPLY MEMORANDUM**
**IN SUPPORT OF HIS MOTION FOR RECONSIDERATION**

Petitioner, Moath Hamza Ahmed Al Alwi, respectfully submits this reply memorandum in support of his motion for reconsideration or to alter or amend the Court's Final Judgment pursuant to Federal Rule of Civil Procedure 59 (e).[1]

Respondents claim that Petitioner's motion fails to meet the requirements for a Rule 59(e) motion.  First, Respondents assert that the motion does not identify an intervening change in controlling law, new evidence or a need to correct clear error.  (Reply at p.2.)  Such a motion, however, is also proper where it is necessary to prevent manifest injustice.  *See Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004).  Mr. Al Alwi has been imprisoned without charge for over seven years.  Mr. Al Alwi requests the Court reconsider its decision denying the writ of habeas corpus in light of the fact that, even if Mr. Al Alwi is properly considered an enemy combatant, the Government only has the authority to detain him until the cessation of hostilities in Afghanistan, which occurred no later than December 22, 2001, when the United

---

[1]  Respondents question whether the Federal Rules of Civil Procedure apply to these proceedings.  Rule 11 of the Rules Governing Section 2254 Cases In the United States District Courts states that "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Respondents offer no explanation for how applying Rule 59 would be inconsistent with the habeas corpus rules.

States formally recognized and extended full diplomatic relations with the new government of the Islamic Republic of Afghanistan headed by Hamid Karzai.  Respondents fail to address or refute this point.

Respondents merely argue that the Court rejected Petitioner's argument in the January 28, 2009 decision denying a different petition for writ of habeas corpus in *Al Bihani v. Bush*, Civil Case No. 05-1312, Docket #89.  That decision, however, does not address the argument that the Government was only authorized to detain petitioners like Mr. Al Alwi until the cessation of hostilities in Afghanistan, which occurred in late 2001.[2]

Mr. Al Alwi respectfully urges the Court to reconsider its decision and grant his writ of habeas corpus.

Dated: February 18, 2009

Respectfully submitted,

CLIFFORD CHANCE US LLP

_____/s/_____
Julia C. Symon (DC Bar No. 456828)
2001 K Street NW
Washington, DC 20006
Tel: (202) 912-5000
Fax: (202) 912-6000

James M. Hosking
31 West 52nd Street
New York, NY 10019
Tel: (212) 878-8000
Fax: (212) 878-8375

*Counsel for Petitioner*

---

[2]  Respondents complain that Petitioner should not be permitted to raise this issue because it could have been raised previously.  (Reply at p. 3.)  Respondents cite *Thomas v. Nicholson*, 561 F. Supp.2d 1 (D.D.C. 2008), for this proposition but fail to note that the district court in that case noted that it is within the court's discretion whether to reconsider issues under Rule 59(e) and that the court chose to address several "new" issues raised in the plaintiff's motion for reconsideration.

WA419256.1